Next we have number 2414205 Briscoe v. Transamerica Premier Life Insurance Company Next we have number 2414205 Briscoe v. Transamerica Premier Life Insurance Company May it please the court, my name is Josh Lerner of the Rumburger Firm. I'm here this morning on behalf of Transamerica Life Insurance Company. This is a case about contract interpretation, your honors. The district court committed reversible error in interpreting a variable annuity in a way that eliminates unambiguous, clearly stated terms and writes into the contract terms that are not there. In 1996, Mrs. Briscoe purchased an annuity and the annuity clearly stated in four places, I think I said in my brief three, but there are four places where it states that the annuity date is December 1, 2022 and it also states unambiguously that annuity payments will start on the annuity date. Counsel, can we back up just a little bit?  I'd like to talk about what was actually at issue in the case. So in other words, what questions did the district court have to answer as part of the bench trial here? And that goes back to the complaint. And it seems to me that there were two questions that had to be answered that are teed up. In other words, two breaches, two requests for specific performance, two requests for a declaratory judgment. Those were the three counts that were brought. And those were, you breached by paying and you breached by selecting how I was going to be paid. I want you to not pay me and I want you to unselect what you've done and unwind the payments that have been made. And I want you to declare that I am, you should not have paid or I am not due payment. And I want you to declare that the option, that I get to select the option, not you. Does that sound right? Yeah, that's essentially the case that we've tried.  I just want to, sometimes it's helpful to start from step one. So that seems to me what the case that was tried to. And so the question then is, the first question that had to be answered is, and that you all discuss is, whether this contract was ambiguous as to those two questions. So let's start with the first one. Was the contract ambiguous or was it unambiguous as to when payment was actually due? Not the amount. We'll get to amount, but when payment was actually due. Unambiguous, crystal clear, four places, the annuity date, the annuity date is December 1, 2022. It says in the contract, contract schedule, that date expressly. In other parts of the contract, it says that it's on whichever is later of 10 years from the anniversary date of the contract or the first day of the first month after your 65th birthday, which is 12-1-22. I think crystal clear. The most relevant provision for that seems to be not just the annuity date. I think that's helpful. But actually the provision that's entitled commencement of annuity payments, which actually doesn't mention the term annuity date in there. It just says the annuitant, here it's Ms. Briscoe, will begin, will being shall, begin receiving annuity payments on the first day of the month after 10 full years or the first day of the month which follows the annuitant's 65th birthday, whichever is later. Hers was the 65th birthday because that would be later. And then there's an option later on that allows her to defer payment that everyone, the evidence shows that she didn't ever utilize, correct? Correct. And the district court's interpretation of the contract writes into the contract a provision that provides that if you don't select a payment option, the payment date, the payment is automatically deferred until you do. That's nowhere to be found. Let's get to the second part. So the second part is that we said, remember the two sort of questions before the district court was when does payment must start and how much must be paid when payment starts. Was there an ambiguity as to the second question? As the when question? We dealt with when.    How much? So there's the when payment is due, the commencement, you and I have said, there's no issue as to how much the latent ambiguity in the contract. So let me answer my question first. Sure. You believe there to be an ambiguity on the how much question?  It's stated. It's an account. It's an account value. It's a number. It's an arithmetic. It's just, it's money deposited into a mutual fund. Okay. Who gets to select how much? It's a matter of contract. Right. It's stated in the contract. So let's turn to, this is, I'm looking at Docket Entry 6-1 at 22, but it's the contracts in other places. Sure. And it says the owner may elect the annuity payment be received on a fixed basis, a variable basis, or some combination of both, and then gives payment options one through five. Yes. Is there anywhere that states that the company may elect the annuity payment on what amount? Well, that's the latent ambiguity. How is that ambiguous? Well, it's a, it's a, the owner, the annuitant, had the right to select how the payments would be made. Agreed. And when, and what they didn't contemplate is what would happen if she didn't do that by the annuity. So that, that seems to be a reformation issue. And as I read the complaint, in other words, you're saying the contract is silent as to the situation that we're in, which is she's due payments, payments, she is due payments on this date, but no selection has been made. Right. And, and the, so then you go back to what the relief is requested here. And the relief that's requested isn't to fill in the term. There are sometimes that we seek equitable reformation relief. What's sought here is breach and damages for picking the option for me, even though I was entitled to do so unambiguously, specific performance to make it so that I put me back to where I would have been so that I can pick the option and a declaration that I am the one that gets to pick the option. But she's asking the court to rewrite the contract in those requests that, that to that request ignores. Can I ask something? How is she asking to rewrite the contract? She's saying that I want you to imply, apply it as it is. I get to pick. There's nowhere that says they get to pick. They pick themselves because there was silence for me and there's nowhere that allows them to do that. They breached it. I want to get my option to pick, put me back to where I would have been at my 65th birthday to allow me to pick and declare for now on in the future that I am the one that gets to select. One thing that is crystal clear is payments were going to start on 12-1-22. And just to play that out, had you not paid her on that date, you would have been in breach of the contract because you had an obligation to pay her on that date. There is no question. You're 100% correct, Your Honor. It seems like her argument is that they're actually, you, I mean, it's a strange case because her argument is like, well, you wouldn't have been in breach. It seems like what her argument is that a conditioned precedent to the payments is that she has to select. What do you say about that? That is, that, but that, that argument negates the unambiguous statements that the payments are going to begin on, on 12-1-22 and it creates a provision that's nonexistent. That is that if you don't choose a payment option, there's an automatic deferral. Talk about grafting something from whole cloth into a contract. Well, yeah. I mean, I don't know that it would say it's an automatic deferral. It's just basically like, let's assume, let's assume we were in the alternative universe case where you didn't start payments. And she sued you and said, you didn't pay me, you breached the contract. Wouldn't you be able to argue and say, well, we couldn't pay you on the date because a conditioned precedent to us paying you is you to make a selection. So what, you know, we don't owe you the obligation to pay you because you didn't exercise your duty under the contract to make a selection. I'm not saying that's the right way to read it. I understand, Your Honor, but again, the contract still says in plain English, payments start on 12-1-22 and, and, and, and, and, you know, had, had. So counsel, that means that when you tendered money, you didn't breach that part of the   We did not. There's still another unambiguous part of the contract, which says that they, she gets to select. It does, but it, but, but, but it, it, but they, they did not contemplate. That's the whole nature. You go to court and force her to make a selection under the contract or she, or she defaults her provision or pay it into a court registry, or there's a provision of the contract. And this is on page 24 of docket entry 6-1 that allows for contract amendment. And what it says is the company may change this contract from time to time by notifying the owner in writing. These changes may be made without the approval of the annuitant or beneficiary as long as the change does not result in a claim or benefit being reduced or denied to the annuitant as of the date of the change. You could have exercised that option too. But in terms of the, how this was actually litigated, which is here are two breaches and two remedies we seek, a declaratory judgment and a, and a, and a specific performance. One was not a breach because you paid, but the other was because you selected. I just, how is it not simple, as simple as that? There, again, Your Honor, when the parties don't contemplate a circumstance that, that, that arises and don't account for that in the, in the terms of the contract, there is a requirement to resort to extrinsic evidence to fill the gap. And here the, the prospectus, the outreach letter to her, to her husband, her conduct, she had, if she wanted to defer, regardless of how the money was going to be paid to her, if she wanted it to be deferred to a later date than 12-1-22, she had to write to the company and inform them of that in writing. The writing, the written request requirement is, has been written out of the contract by the district court's interpretation. Let me ask you a question that follows up on Judge Locke's question. Can, it just, and this is meant to be just like a practical question, I mean, the date arises when you have to pay. To make a payment, do you have to select one of the five options in the sense that does the payment vary based on the option that you select? The, the manner in which the payment is made varies under the, under, under the five options. Can you explain that to me? Like what, what do you mean by that? Well, the, the, the, the, the option that she was, she was put into a, she had guaranteed payments for life with payments certain for 120 months. There are other options that provide, under, under that scenario, that provide for guaranteed payments for 530 months and, or, or, and, and, or, or additional months. And there are, and, and, and. I think, I think Judge Brasher's question is, does that change the amount of the payment? The, yes, it would change the amount of the payment, but not the total, but not the annuitized amount. The annuitized amount is frozen as of the annuity date, but the manner in which they are paid out over time varies. That's my point. You can't cut her a check. But you don't know what amount to put on the check that you're going to send her at the date of the annuity date without some option being selected. Is that, is that? Had she asked for it on, on, on November 30th of 2022, she could have gotten the full value of the full accumulated value of the account. But once it, once it, once, once it, it annuitizes, the, you're, you're, you're, you're, you're, you're right. Right. So, so depending on the option that you would select, that varies the check, the amount of the check that's written on a monthly basis. Yes, yes, yes. So why, so given that that's the case, because I think this is really her argument, given that that's the case, why isn't it a conditioned precedent to start getting the payments that she has to select? Now, like, because you don't know how much to pay her unless she selects. The contract doesn't say it's a conditioned precedent. The contract says payments are starting and the contract says that you have the right to choose an option and the contract says you have to do it before the annuity date. Now, now, now, now, now, the appellee is going to stand up here and say that she could have done it until she was at age 85, but that, that, that, that reads out of the contract that payments start at, at, on, in, in, on 12-1-22 and, and, and it's nonsensical because you can't, once payments have started, they can't restart. So she clearly had to, had to make a choice to either postpone or select an option. And there's, there's, there, there, there's nothing conditional, Your Honor, about payments will start on the annuity date. That's, that's, that's, that's, that's absolute. Thank you. The You're well over your time. Oh, we would ask the court to, to reverse and, and thank you. Good morning. My name is Jim Tittle and I represent Quinn Briscoe and I want to clarify something. So what plaintiff claimed the breach of contract to be was that you annuitized us and that's a key term. What he's saying, annuity date, when you select a payment option, and I'm going to walk you through the contract on this, but when you select a payment option. Could you stand closer to the microphone?  We're recording this. Okay. When you select a payment option, you, the owner of the policy, it's annuitized. You no longer have access to your accumulated value. You no longer have access to your money. And why is that a big deal here? Because when this case started, and this is in the report and recommendation in the court's that they instituted a non-written default annuitization that they didn't have and selected this 10-year certain, the accumulated value that was taken away from Mrs. Briscoe was $1.3 million. Counsel, counsel, I want to back up. Yes. I understand why you want to talk about the R&R. I'm just not sure that it's viewed the correct way. And I want to go back to the complaint. You can look at, you can look puzzled at me, but I want to go back to the complaint. Because it's your complaint. Yes. And here's what you alleged in count one entitled breach of contract. Paragraph 21, defendant has no contractual right to default plaintiff into any annuity option pursuant to the contract in its written terms. That's the second part that I talked about with your opposing counsel. And paragraph 22, the one right after it says, defendant has no contractual right to begin sending plaintiff annuity payments without her authorization. That's the first thing. Those are the two breaches you alleged. You were wrong to start paying me, and you were wrong to pick for me. So I want to go back to the same places that I started with your opposing counsel. Show me in the contract where it is ambiguous that they started to pay, to begin sending the annuity payments without authorization. Where is that ambiguous? It's, well, it's not. You and I agree. We can stop there.  Well, if it's not, then why isn't it the date that they started paying the, I mean, if it's not ambiguous. Because they exercised a right they didn't have. The annuity date is defined in the contract on page three at the bottom. This is Plaintiff's Exhibit 20, but you've also referred to it as- I know, but counsel, counsel, I know what the annuity date says. It says the date when payments start to begin. That's what it says. But the problem is the contract tells you when payments start to begin, and that is at the commencement of annuity payments on docket entry 6-1 at page nine, which says that the annuitant will begin receiving annuity payments on, and the first part doesn't apply to her, but the second part does, the first day of the month, which follows the annuitant's 65th birthday, and whichever is later. Let me walk you through this. So if you look at the definitions, the glossary, we have to look at that. The annuity date is the date that payments begin. Number two, an annuity payment is one of a series of payments made under an annuity payment option. That's the term, all capitalized. Annuity payment options is one of the ways which the accumulated value can be paid out. Then if we flip over to the advanced or deferred annuity date, it says there's a normal annuity date of your 65th birthday. Then it says the owner may choose to advance or defer the annuity date. The request must be made in writing at least 30 days prior to the requested annuity date, may only be made during annuitant's lifetime, and it cannot be made later than the first day of the month following the annuitant's 85th birthday.  She didn't make the selection, and it said you will, the default, then the default applied and to start payment. There's no default in this thing. There is. Counsel, it says the annuitant will begin receiving payments on that date I told you, which is the 65th birthday. Counsel? Counsel?  They will be receiving annuity payments on that date. Certainly she can opt to change it, but on the date that they were due, there was no option made. I will tell you, you and I agree that the contract is unambiguous, but we are not going to agree, you and I at least, are not going to agree that it's unambiguous for when payment was due. But the second part of this that you did allege a breach on and seek specific performance and seek a declaration is that they had no right to pick the option of how much she was due.  And that seems to me to be clearly controlled by the provision of the contract I read, which says the owner, it doesn't say anyone else, may select the payment option, one of these five, whether it's fixed, variable, or some combination. And they did that, you didn't. Why is that not, A, unambiguous, B, a clear breach, and C, what remedy are you entitled to for that breach? We're entitled to specific performance, which is what we've received, which is that the contract cannot annuitize, you can't take away our accumulated value, unless and until we have chosen a payment option. I just don't know that that is the specific performance for that breach. In other words, you certainly have the right to select and you have the right to whatever you select, and they have the right not to select for you. So unwinding all those payments, I think, is clearly right. But it seems like you should be put in the position she would be on December 2nd, or December 1st, or the day before December 1st, November 30th, where she has the ability to select her option, and then once she selects, she gets payment. But I don't think she has the option at this point to exercise the right you just said to defer, where it didn't happen before the date of payment was due. That's where we disagree, and that's what the court found below, which is what I've been arguing. Yeah, but based on what the court founded, because it found an ambiguity, and then used either parole evidence and or contra preferendum in order to fill that, what it thought was filling some sort of gap. But if there's no ambiguity in what we're discussing, and I don't think you think there is an ambiguity that she gets to make the payment, and she gets to select and they don't, why, how do you get to fill in this gap of, well she gets to now select the deferral at all of these points? I just don't get how one gets to the other. The annuity date does not start until the owner of the policy, my client, chooses an annuity payment option. Otherwise you would be reading into this. So this gets to the, this gets to the condition precedent that Judge Brasher is stating you. But even if, that Judge Brasher was laying out with your opposing counsel. But even if there is, you're right that there is a condition precedent, that would only suggest that she's due payment on December 1, and the money comes when she exercises the condition precedent. Not that she gets to now defer overwards because she didn't do it by the time of her birthday, and not that she gets to keep this money in a pool until 85. I don't see how even if it's a condition precedent, how you get that relief. There's nothing in this contract that requires her to do anything at age 65 if she hasn't chosen a payment option. The contract does not annuitize because she hasn't chosen a payment option. Because during the annuitant's lifetime, all rights and privileges under this contract may be exercised solely by the owner, the annuitant. It also says. A payment is due on a specific date. And that can't be undone because the annuitant doesn't select a payment option. Why would there be a deferred annuity date in here on page 8 of the contract? Because the day before her 65th birthday, she's able to exercise that option. It doesn't say that she has to do that the day before. This is probably one of the larger things that we argued about before. But this is an insurance contract. They argue Valak, 1959, United States Supreme Court that talks about whether there can be federal regulation. Counsel, counsel, this only matters if it's ambiguous. You guys spend a lot of time arguing about insurance contract or not. And that only matters if there's an ambiguity. If there's no ambiguity in this contract for the two things that you have brought to the court, thing one is she's not due payment. When is payment due? Second thing, how much is she due? Do they get to select the option or do you get to select the option? Those are the two things you brought to the court. And as to those two things, I just, I'm having trouble seeing an ambiguity. That's not what was tried. You read my complaint. I can tell you what was tried was whether or not they had the right to select an annuity option for her and annuitize the contract. If they did not have the right. Counsel, I understand that that was what was tried, but there was no ambiguity. It never should have been tried. There's no ambiguity. There was nothing to try. You don't need parole evidence for that. You don't need anything for that. It's clear. You get, your client gets to pick the option. They don't. What needs to be tried? They don't have, that's not what was tried. What was tried was, what was tried was this contract has not annuitized. They had no right to annuitize it. There never was any parole evidence in this case. So it had to always be construed against the drafter, whether it's insurance or not insurance, rudiment, not rudiment. This case, if you look at the contract and you just read what it says, there is a deferred annuity date. The deferred annuity date does not say before the normal annuity date, you have to let us know. It says you get to pick an annuity date up until you're 85. You did hear, or you did hopefully read. Counsel, even you in your summary said there's a default. And it's clear that there is. The default is 60, whichever is later, 10 years or 65th birthday. And here, the 65th birthday applied, that's the default. You can't. If she has selected something other than the default by the time it's due. No, they have imposed a default that says if you don't select by age 65, which is not in the contract, then we get to select for you and they stuck her into a 10-year period. That part I agree with. Okay. You're right. They do not have the right to pick. But isn't your underlying point that they can't start paying the annuity unless there's a selection made? Because there's literally no way to know the number that goes on the check until someone makes a selection. The contract should not have annuitized. She should not have been taken control of her money away until she selected. And she had up until age 85 to do so. That's what the contract shows. That's what the testimony showed. That's what the evidence showed. Let me ask you this. So you've been talking about the provision of the contract that has normal annuity date and the extension. What do we do with the contract schedule page that says the annuity date is December 1, 2022? That's the normal annuity date. Well, but I mean, it doesn't say normal annuity date. It just says annuity date. But if you look at the glossary, the definition of the contract, which under Florida law, because this is a diversity case, so we're eerie. We're playing Florida law. Florida law says we look and put the most emphasis on the definitions that are contained within the contract. And if we do that, that's where I was reading earlier. We see that the contract cannot annuitize because the annuity date cannot occur until the owner selects, the owner, not Transamerica, selects a payment option. That didn't happen. It didn't annuitize. And as Judge McCabe found and ordered, that the owner has the right to do that. Let me ask you this. I'm sure you'll get more time because we went over with the other side too. But let me ask you this. So let's assume we're at age 85, okay? Yes, sir. And she doesn't select. Right. What are they supposed to do then? Give her the money, the accumulated value. Give her the accumulated value? Yes. Where would that be anywhere? Because she didn't select, 85 would be the last date. Now, we're not in the facts of this case. Yeah, but I guess the reason I ask about that is because you're in sort of this weird spot where, like, the contract does envision that one can select to extend the annuity date to age 85. And so that's an option, I guess, here as a way to interpret the contract. But it seems like your argument, like, okay, we're at age 85 and she doesn't select. What are they supposed to do then? Then why would they give her the money as opposed to start paying out the annuity then? Because they couldn't. They don't have the right to choose a payment option for her. Only she does. You'd have to rewrite the contract to give Transamerica the payment option. So in that instance, what happens is it's her money. Then what does the 85-year-old deadline mean? I don't know. I didn't write the contract. Transamerica or their predecessor, I think it's people. But doesn't your interpretation render that superfluous? No. My interpretation is the way, as the testimony was presented at trial, the Briscoes always knew that they had until 85 to make a selection or take the money out. That's what the undivided testimony was. But if she doesn't make a selection, what happens on that 85-year-old date? Well, that wasn't part of our case. But I'm telling you, what do I think would happen? Hypothetically, hypothetically, I think that if someone who owned one of these policies didn't select by age 85, using the exact terms of this, the annuity company would be left with, what do I do with the accumulated value? It hasn't annuitized. I have to do something with it. I can't select for her. So I put it in the court registry as Judge Brasher, I believe. Here's sort of the confusing thing I'm having with your argument on that and really with a lot of other aspects of it, is that your argument in your brief is that we need to interpret this in favor of the annuitant, right? And I tend to think, okay, that's a good argument. But if you go and you buy an annuity, the insurance aspect of the annuity that you're buying is longevity insurance, right? You're saying, like, look, I want to make sure that I'm getting a consistent income stream for as long as I live or at least for some period of time after I retire. And so that's why I'm buying the annuity. But the way you're suggesting we should interpret it is to say, instead of starting to pay you that income stream that you bought, they just decide to kind of cancel the annuity and just give you the value of it. That seems like that's not in your favor. No. Well, we're talking about at age 85. Well, I guess any point. I guess really any point. So the annuity date on the contract says, I want my annuity to start October 28, 1996. I mean, I want my annuity to start December 1, 2022. That's what I put on my contract. That's when I expect the insurance company to start paying me. That's my annuity date. I wrote it down. But then because of any sort of reason, right, like I'm an old, you know, I've got health issues. You know, I'm cruising the world. Who knows what you're doing when you're 64 or 65 years old and you don't make your selection. Your response is for them to say, we're canceling the annuity. We're giving you the money back. Not at 64 or 65 because it says that you have until 85 because the owner may choose to advance. So that only happens at 85. So now you're 84 years old. Okay. Made no selection. I mean, I don't know that that helps you. I guess my point is, how has that been? I understand the facts of this case because her value is so high that that helps her. But for the run-of-the-mill person who's buying an annuity, why is it into their favor to not have those annuity payments start when the date on the contract says they're going to start? Because they didn't choose which payment option they wanted. If you're buying an annuity, you can tell the annuity company to start paying me now. You can give them a bunch of money. It happens in PI cases, for example. Yeah. Start giving me now. This one said it's going to be in the future. So we're going to have the money grow. And the contract also has a life insurance provision too, death benefit. So we'll let the money grow. We'll let the money grow. And you're going to tell us, you, the annuitant, when you want it to annuitize so that you take your money. We take your money away from you, take your control, and we start paying you whatever you want to get paid. It's up to you, the annuitant. This contract gives the annuitant, as it says very, very clearly, all options under the contract. They can only be exercised by the annuitant, not them. They had no right to default annuitize, and therefore the contract remains in the cumulated value state. And that's what the court found, and I'd ask that the court affirm the lower court. It's a very well-reasoned opinion. And if you have any other questions, I'm happy to answer. And I'm sorry if I cut you off. Oh, no, thank you. Thank you. Judge Luck, there was a deadline, a deadline by which the annuitant had to select a payment option. She didn't have – I'm not sure that's right. Whether that's a gap in the contract or poor drafting, I mean there's a time when she should because she's due payment at that point and can't defer anymore. But I'm not sure that it says that she has to pick. In fact, may is the term that's used. But the only one who gets to pick is her, not your client. She gets to – you're absolutely right. She has full liberty to pick whatever she wants until the annuity date. Once the annuity date occurs, she lost that right, Your Honor. That's in the provision. Where is there any deadline in the contract at all for her to exercise that privilege? And then a corollary to that is that where is there a deadline for her to choose to advance or to defer the annuity date? It's in the provision regarding the normal annuity date. Right. It says the normal annuity date is either the first day of the month or ten full contract years on the first day of the month, blah, blah, blah, blah, blah. Next paragraph, Your Honor. The owner may choose to advance or defer the annuity date. This request must be made in writing, must be made in writing, and prior to the requested – The requested annuity date. That's right. So she comes in tomorrow and says, I would like my annuity date to be 30 days from now. She's complied with that contract. That means that she had – the requested annuity date is the scheduled annuity date because in her application in paragraph 8, she had the opportunity to request a different annuity date than either the 10-year anniversary or the other. Once again, and I just – I don't – I truly – it looks like you're reading something that's not in there. Let's just read it together. The owner may choose to advance or defer the annuity date. This request must be made in writing at least 30 days prior to the requested annuity date. So it doesn't say anything about making a request prior to some annuity date floating out in the world. It says you can't – you know, you can't – we're not going to have a – we're not going to honor your requested annuity date unless you give us 30 days' notice. Two points. Okay? Two points. You agree that's what it says. That's what it says, but the word request – first of all, the prospectus says then scheduled annuity date. So that's one thing. But staying within the four corners of this contract, Your Honor, that is a deadline to defer the annuity date or select an option because if the option is – if it's not deferred before that – before the scheduled annuity date, the payments are going to stop. The contract is going to become irrevocable. So it's a non – so if it – to read it as allowing a request to be made after the annuity date reads out of the contract, the clear statement, payments start on the annuity date. So she's got to make a choice before then or payments are going to start. Well, but I thought we agreed previously that you don't know how much money to write on the check unless a choice is made. No, no, no, no, that's not so. So you do know how much money to write on the check even if they don't make a choice. Yes, because the extrinsic evidence, the prospectus – Okay. I'm just talking about just the face of the contract. Well, you can't from the face of the contract. Okay. I just want to be clear with that. Okay. There is a gap, and the gap is filled with the parole and the extrinsic evidence. And even though there's an integration clause, the court should have used the parole and extrinsic evidence because it's a latent ambiguity. And there's no way to resolve a latent ambiguity without referring to matters extraneous to the contract. Yeah, but why isn't – and I mean, this is – I mean, I hope you guys have rewritten this contract, right? I mean, this was – this is not good. But why isn't the way – and I think their proposition, and I just want you to direct response to this, is if you just look at this contract, that it makes perfect sense that there's no way for you to start sending them money on the normal annuity date unless there's a selection. In the absence of a selection, this says you – this advanced or deferred annuity date tells you exactly what to do, is that she gets to make a request in writing 30 days prior to a requested annuity date. And so you're just sitting there, so you're just sitting there waiting for her to make a request in writing to give you 30 days notice to start. If you read it that way, it puts the ball – both balls are in her court. She has to make the request in writing 30 days in advance, and presumably when she does that, she will tell you how she wants to be paid. Why isn't that a way to read this contract that makes sense? Because it ignores the unambiguous statement that payments start on the annuity date, not only – and which is said four times. And the – this is – the purpose of this contract is to provide periodic payments through the end of the person's lifetime. And one cannot give meaning to that purpose if one allows this to be treated like a mutual fund with no end. And you cannot – and there is a deadline because once the annuity payments start, they can't restart. The – to sum up, the court ignored clear terms, wrote new terms into the contract. That's not permitted, whether it's insurance or not, and it sure isn't insurance. We would ask the court to reverse with instructions to enter final judgment for Transamerica, and I thank the court for its work. Thank you. Court is adjourned.